UNITED STATES DISTRTICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN NEIL SATTERFEAL, ET AL.

VERSUS

LOANCARE, LLC, ET AL.

CIVIL ACTION

NO. 18-1021-JWD-EWD

**RULING AND ORDER**

Pending before the Court is the Motion to Dismiss filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo").[1] (Doc. 10). Plaintiffs Alvin Neil Satterfeal and Mary Becnel Satterfeal (collectively, "the plaintiffs") oppose the motion. (Doc. 22). Wells Fargo has filed a reply brief in support of its motion. (Doc. 23). Oral argument is not necessary. After careful consideration of the parties' arguments, the facts alleged, and the applicable law, and for the following reasons, the Motion to Dismiss (Doc. 10) is granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On October 22, 2018, the plaintiffs filed a Petition for Temporary, Preliminary, and Permanent Injunction and Damages in the Louisiana 19th Judicial District Court for the Parish of East Baton Rouge. (Doc. 1-1). Wells Fargo subsequently removed the suit to this Court on November 16, 2018. (Doc. 1). The Petition named Wells Fargo, LoanCare, LLC ("LoanCare"), and Tharpe Family Insurance, LLC ("Tharpe") as defendants.

The plaintiffs own "six or seven" rental properties in Baker, Louisiana, that are insured through Tharpe Family Insurance. (Doc. 1-1 at 4). Three of these properties were mortgaged through Wells Fargo and/or LoanCare (collectively, "the lenders"). (*Id.*). The insurance premiums

---

[1] Wells Fargo represents that it is improperly designated in this lawsuit as "Wells Fargo Home Mortgage," which "no longer exists as a separate and independent legal entity." (Doc. 10 at 1). The Court will direct the Clerk of Court to reflect this change on the docket sheet.

for the three mortgaged properties were required to be paid through the lenders' escrow departments. (*Id.*). Specifically, Tharpe, as the plaintiffs' agent, was to bill LoanCare and/or Wells Fargo for premiums for the mortgaged properties. (*Id.*). The premiums were to be paid out of the plaintiffs' LoanCare and/or Wells Fargo escrow accounts. (*Id.*). Plaintiffs allege that Tharpe incorrectly billed the lenders for all of the properties and not only those which were subject to mortgage. (*Id.*). They claim that only the three properties subject to mortgage should have been included in the billing for premiums. (*Id.*). Plaintiffs further allege that, "[r]ather than remit payment only for the serviced mortgaged properties held by [the lenders], the entire premium bill covering all six or seven properties was paid [by the lenders] on several occasions and/or was used to perform annual escrow calculations on the [accounts of the three mortgaged properties]." (*Id.* at 4–5). The plaintiffs assert that this miscalculation "more than doubled" the monthly payments to service the debt on "each of the three loans." (*Id.*).

Plaintiffs contend that they repeatedly contacted the defendants "to advise them of the mistakes and sought to have the accounts corrected," but that the defendants "made the same mistakes repeatedly and failed or refused to perform correct escrow account analyses on the loans." (Doc. 1-1 at 5). Plaintiffs concede that the defendants acknowledged the mistakes and sent a refund on one occasion. (*Id.*). As a result of the repeated miscalculations, the plaintiffs stopped remitting loan payments and the loans subsequently went into default. (*Id.*)

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). To defeat a motion to dismiss, a complaint must contain "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are not sufficient. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

The Petition does not clearly delineate each of the plaintiffs' claims, differentiate between each defendant's conduct, nor separate each claim into its own cause of action. Thus, the Petition violates the pleading standards established by Rules 8 and 10 of the Federal Rules of Civil Procedure, and tasks both the defendants and this Court with sorting through an amalgamation of potential claims "'interwoven in a haphazard fashion.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985)). In *Weiland*, the Eleventh Circuit identified four types of "shotgun pleadings"—imprecise complaints that fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, the Petition commits at least two shotgun pleading "sins"—failing to separate into different counts each cause of action and "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* Nevertheless, based on the facts alleged and the named defendants, the Court construes the Petition as containing claims against Tharpe,

3

LoanCare, and Wells Fargo under both federal and state law. For the following reasons, all such claims are subject to dismissal.

Wells Fargo argues that the plaintiffs have failed to meet the standard for notice pleading under Rule 8(a). The Court agrees. Plaintiffs do not adequately allege which defendants are responsible for which conduct. Instead, the Petition refers to the defendants collectively by employing the conjunctive phrase "and/or" as a means of including the possibility (rather than directly alleging) that any or all of the three defendants' acted unlawfully. This is plainly insufficient under federal pleading standards. For example, the plaintiffs reference several federal statutes and make the accusation that LoanCare "and/or" Wells Fargo made:

> acts or omissions … in violation of their legal and/or contractual duties to plaintiffs, including but not limited to the Real Estate Settlement Act (RESPA), 12 U.S.C. [§] 2601 et seq. (12 C[.]F[.]R[.] 104.17(i)); Consumer Financial Protection Bureau (CFPB) rules and regulations; Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692a.

(Doc. 1-1 at 6). This loaded allegation fails to explain (1) what the acts or omissions are, (2) which defendant is responsible for which acts or omissions, and (3) how those acts or omissions violate any of the referenced federal laws. Thus, for this reason alone, the claims are due for dismissal and the plaintiffs are granted leave to file an amended complaint curing these deficiencies in accordance with the Federal Rules of Civil Procedure and *Twomby*/*Iqbal* pleading standards.[2]

**A.      Federal Claims**

Nevertheless, even if some or all of these deficiencies did not exist, the plaintiffs would not have stated a viable claim for relief under federal law. The plaintiffs allege that the defendants have violated the Real Estate Settlement Procedures Act ("RESPA"), citing to corresponding

---

[2] Although only Wells Fargo has moved to dismiss the Petition while Tharpe and LoanCare have filed answers, (*see* Docs. 7 & 12), the Court notes that this analysis applies to the plaintiffs' factual allegations and legal claims generally, and not only those directed toward Wells Fargo specifically.

federal regulations. Congress enacted RESPA "to insure that consumers . . . are provided with greater and more timely information on the nature and costs of the [mortgage loan] settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601. After Congress passed the Dodd-Frank Act, the Consumer Finance Protection Bureau ("CFPB") was tasked with promulgating regulations, including 12 C.F.R. § 1024.17, to implement RESPA's provisions. *See, e.g.*, *Iaffaldano v. Sun West Mortg. Co., Inc.*, No. 18-11098, 2019 WL 1531618, at *3–4 (11th Cir. Apr. 9, 2019). This regulation "sets out the requirements for an escrow account that a lender establishes in connection with a federally related mortgage loan" and requires, among other things, the provision of annual escrow account statements. 12 C.F.R. § 1024.17.

Wells Fargo argues that 12 C.F.R. § 1024.17 does not provide for a private right of action because it was enacted pursuant to Section 10 of RESPA. The Court agrees. Based on a survey of the limited authority available, it appears that § 1024.17 took the place of 12 C.F.R. § 3500.17, an identical regulation promulgated by the Department of Housing and Urban Development ("HUD") when that agency was responsible for carrying out RESPA's directives. *See McCray v. Bank of Am. Corp.*, No. ELH-14-2446, 2017 WL 1315509, at *14 (D. Md. Apr. 10, 2017) (finding that § 3500.17 "was merely recodified at 12 C.F.R. § 1024.17 in 2014, following the implementation of the Dodd-Frank Act" when "responsibility for the administration, enforcement, and implementation of RESPA was transferred from [HUD] to the CFPB"). Title 12 C.F.R. Section 3500.17 was promulgated pursuant to Section 10 of RESPA. *See, e.g.*, *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006) (concluding under the language of § 3500.17 that a violation of the regulation is a violation of Section 10 of RESPA). The Fifth Circuit has explicitly held that "Congress did not intend to create a private right of action under Section 10 of

RESPA." *State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1304 (5th Cir. 1995). Thus, the Court concludes that there is no private right of action found in 12 C.F.R. § 1024.17. Further, the plaintiffs failed to respond to this particular argument or point the Court to any authority to the contrary, representing an abandonment of their claim under this regulation. *See In re Dallas Roadster, Ltd.*, 846 F. 3d 112, 126 (5th Cir. 2017). Accordingly, the Court dismisses the plaintiffs' claims under 12 C.F.R. § 1024.17 without prejudice.

Plaintiffs have countered that a right of action exists under 12 U.S.C. § 2605(f), a separate RESPA provision that establishes the duty of a loan servicer to respond to borrower inquiries. In the event a borrower requests information from the servicer regarding a loan, the servicer must "provide a written response acknowledging receipt of the correspondence within 5 days . . . unless the action requested is taken within such a period." 12 U.S.C. § 2605(e)(1)(A). However, Plaintiffs do not assert this claim in the Petition. Even if they had, the plaintiffs have failed to allege a *prima facie* claim under this provision. The statute provides that, in order for a written request of the borrower to qualify it must include "or otherwise enable the service to identify the name and account of the borrower and include a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error." § 2605(e)(1)(B). The Petition does reference "repeated" requests for information by the plaintiffs and thus may reach the threshold for showing a "pattern or practice of noncompliance." § 2605(f)(1)(B). However, the plaintiffs have failed to properly allege that their communications constituted qualified written requests under the statute.

Wells Fargo argues that the Petition must allege that such a request qualifies under the statute and the plaintiffs have failed to allege facts sufficient to constitute a qualified written request. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241 (5th Cir. 2014). The Court agrees. Plaintiffs have not alleged actual damages resulting from a violation of § 2605. *See*

§ 2605(f)(1)(A) ("Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: in the case of any action by an individual, an amount equal to the sum of . . . any actual damages to the borrower as a result of the failure."); *see also Collier v. Wells Fargo Home Mortg.,* No. 7:04–CV–086–K, 2006 WL 1464170, at *3 (N.D. Tex. May 26, 2006) (holding that even if the defendant failed to respond to RESPA requests, the plaintiffs' claims fail "Because there is no evidence that [the plaintiffs] have suffered actual damages flowing from any inadequate response or failure to respond"). While the plaintiffs have alleged damages in paragraph 10 of the Petition, these damages do not relate directly to a RESPA violation under § 2605. The mere inference of damage from a § 2605 violation is not sufficient. *See Akintunji v. Chase Home Fin., L.L.C.*, No. CIV.A. H-11-389, 2011 WL 2470709, at *2–3 (S.D. Tex. June 20, 2011). Therefore, any claim against Wells Fargo by the plaintiffs under RESPA fails to state a claim upon which relief can be granted and is dismissed without prejudice.

Plaintiffs allege that the defendants also violated certain unspecified CFPB "rules and regulations." (Doc. 1-1 at 6). However, they fail to point to a specific regulation that the defendants have purportedly violated. In their response brief, the plaintiffs attempt to remedy this deficiency by arguing that a CFPB regulation is referenced in paragraph 9 of the Petition (in the discussion of "dual tracking," (*see* Doc. 1-1 at 6)) and is contained in 12 C.F.R. § 1024.41. (Doc. 22 at 8). While the term "dual tracking" is mentioned nowhere in the regulation, § 1024.41 provides for the prohibition of initiating foreclosure proceedings while a complete loss mitigation application is considered or, if foreclosure is already initiated, prohibits moving for final foreclosure judgment. § 1024.41(f)(2), (g). Further, the Fifth Circuit found in *Christiana Trust v. Riddle* that a bank awarding a home equity loan was not vicariously liable for alleged RESPA violations of the servicers because the obligation set forth by Congress, and later promulgated in implementing

7

regulations, was explicitly confined to the servicer. *Christiana Tr. v. Riddle*, 911 F.3d 799, 804–05 (5th Cir. 2018). And, as Wells Fargo points out, paragraph 9 only sets forth allegations against LoanCare and not against Wells Fargo.[3] Given the clear facial deficiency of the Petition in this regard, the plaintiffs' claims against Wells Fargo based on § 1024.41 are dismissed without prejudice.

Finally, the plaintiffs allege a violation of the Fair Debt Collection Practices Act ("FDCPA"). Wells Fargo has asserted that it does not qualify under this definition and that the plaintiffs have not alleged that it does. Plaintiffs have, in turn, conceded that any claim under the FDCPA does not apply to Wells Fargo because it does not meet the statutory definition of a "debt collector." *See* 15 U.S.C. § 1692a(6). Therefore, the plaintiffs' FDCPA claim against Wells Fargo is also dismissed.

**B.     State Claims**

Plaintiffs allege generally that defendants have acted negligently and breached a fiduciary duty. However, the Petition does not sufficiently allege the factual matter necessary to support a viable claim against Wells Fargo under either theory of liability.

   *1.     Negligence*

To state a viable claim for negligence in Louisiana, a plaintiff must allege: "(1) the existence of a duty to conform one's behavior to a specific standard; (2) the defendant failed to conform to that duty; (3) the conduct was a cause in fact of the plaintiff's injuries; (4) the conduct was a legal cause of the plaintiff's injuries; and that (5) actual damages resulted." *Barnes v. Bass*, 2006-80 (La. App. 3 Cir. 6/7/06), 933 So. 2d 241, 244 (citing *Lemann v. Essen Lane Daiquiris, Inc.,* 05–1095 (La.3/10/06), 923 So.2d 627). Plaintiffs have failed to allege sufficient facts to show

---

[3] See Doc. 1-1 at 6, stating, "Subsequently, defendant Loancare sent two of the three loans into foreclosure while simultaneously offering loan modifications (dual tracking) in violation of applicable mortgage loan servicing laws."

that Wells Fargo specifically owed a duty of care, nor have they alleged how Wells Fargo may have breached any duty it may have owed to them. Accordingly, any negligence claim against Wells Fargo fails to state a claim upon which relief can be granted.

### 2. *Breach of Fiduciary Duty*

With regard to a claim for breach of fiduciary duty, Wells Fargo argues that Plaintiffs have failed to properly allege the existence of a fiduciary relationship. (Doc. 10-1 at 11). Louisiana law provides:

> [n]o financial institution . . . shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties ... unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.

La. R.S. § 6:1124. Thus, "dealings between lending institutions and borrowers are generally considered to be arm's length transactions which do not impose any independent duty of care on the part of the lender." *Guimmo v. Albarado,* 99-286 (La. App. 5 Cir. 7/27/99), 739 So.2d 973, 975. The elements of a breach-of-fiduciary-duty claim are: "(1) a breach by a fiduciary of an obligation to another; (2) a knowing collusion or participation in the breach by the fiduciary; and (3) damages suffered by another as a result of the breach." *Brockman v. Salt Lake Farm P'ship*, 33, 938 (La. App. 2 Cir. 10/4/00), 768 So. 2d 836, 844. Further, the cause of action requires proof of fraud, breach of trust, or action outside the limits of the fiduciary's authority, and the burden of proof is on the plaintiff. *Id.*

The plaintiffs have not alleged facts sufficient to satisfy each of these elements. Further, as another court in this district held in *LaBauve v. JPMorgan Chase Bank, N.A.*, "Plaintiffs' mere assertion that their mortgage with the Defendant creates a fiduciary relationship is contrary to the Fifth Circuit's decision in *Whitfield*." No. CV 17-259-SDD-RLB, 2018 WL 1125660, at *3 (M.D. La. Mar. 1, 2018) (citing *Whitfield v. Countrywide Home Loans, Inc.*, 252 Fed. App'x 654, 656

9

(5th Cir. 2007)). "Plaintiff must specifically identify, not imply, a written agreement wherein [Wells Fargo] agreed 'to act and perform in the capacity of a fiduciary.'" *Id.* (citing La. R.S. § 6:1124). As was the case in *Fitch*, the plaintiffs here have not alleged the existence of any written agreement in which Wells Fargo "specifically agreed to act and perform in the capacity of a fiduciary, nor did they allege any special circumstances in which a fiduciary relationship is 'manifest.'" *Fitch*, 709 F. Supp. 2d at 517. Accordingly, the plaintiffs' claim for breach of fiduciary duty against Wells Fargo must be dismissed.

C.     **Leave to Amend**

Despite the shortcomings outlined above, courts are encouraged to grant leave to amend the complaint once to cure such deficiencies before dismissing a lawsuit with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("Although a court may dismiss [a deficient] claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."). In their response brief, the plaintiffs have requested such leave to file an "amended Petition or more definite statement as the Court deems necessary." (Doc. 22 at 10). Accordingly, the Court grants the plaintiffs leave to file an amended complaint should they wish to cure these deficiencies.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Motion to Dismiss (Doc. 10) by Defendant Wells Fargo is **GRANTED**, and the claims of Plaintiffs Alvin Neil Satterfeal and Mary Becnel Satterfeal against Wells Fargo are **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that Plaintiffs shall file an amended complaint on or before **July 22, 2019**, to the extent they wish to cure the deficiencies the Court has outlined. Should they decline to do

so, all such claims will be dismissed with prejudice.  Finally, **IT IS ORDERED** that Wells Fargo Home Mortgage shall be replaced by Wells Fargo Bank, N.A. as a Defendant in this action.  The Clerk of Court is **DIRECTED** to reflect this change on the docket sheet.

Signed in Baton Rouge, Louisiana, on **July 1, 2019**.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**