# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

ALVIN NEIL SATTERFEAL and
MARY BECNEL SATTERFEAL

VERSUS

LOANCARE, LLC, WELLS FARGO
HOME MORTGAGE, INC., and
THARPE FAMILY INS., LLC

CIVIL ACTION

NO. 3:18-1021-JWD-EWD

## RULING AND ORDER

This matter is before the Court on *Wells Fargo Bank, N.A.'s Motion to Dismiss*, ("*Motion*") filed by Wells Fargo Bank, NA ("Wells Fargo" or "Defendant"). (Doc. 41.) In response, Alvin and Mary Satterfeal, ("Plaintiffs") filed a *Memorandum in Opposition to Motion to Dismiss* ("*Response*"). (Doc. 46.) In reply, Defendant filed *Wells Fargo Bank, N.A.'s Reply in Support of Motion to Dismiss*. (Doc. 47.) Oral argument is not necessary. Having considered the parties arguments, the facts alleged in the *Amended Complaint*, and the law, the Court will grant in part and deny in part the *Motion* as follows.

The Court will deny the *Motion* as to the claim for breach of contract because Plaintiffs have alleged sufficient facts to state a claim that Wells Fargo breached provisions of the mortgage agreement between the parties. The Court will grant the *Motion* as to all other claims raised against Wells Fargo and dismiss those claims with prejudice because *Amended Complaint* does not state a claim against Wells Fargo under state law for negligence, breach of fiduciary duty, or for vicarious liability.

## FACTS

For the purpose of ruling on the *Motion*, the Court accepts the following facts as true. Plaintiffs owned a number of residential properties, three of which are mortgaged to Wells Fargo

and assigned to Loan Care, LLC for servicing. (Doc. 32 at ¶ 2.) Under the terms of the mortgage agreement between Plaintiffs and Wells Fargo, Wells Fargo owed contractual obligations to accept the agreed payments from plaintiffs, to correctly apply them to the loan obligations, including the requisite escrow account, and to manage and apply all funds in accordance with the loan contract terms and provisions." (*Id.* at 14.) Wells Fargo delegated its contractual obligations to LoanCare. (*Id.*)

Tharpe Family Insurance, LLC was the retail insurance broker for the flood and casualty insurance coverages on each of Plaintiffs' properties through United National Insurance Company. (*Id.* at ¶ 3.) The insurance premiums for the three mortgaged properties were required to be paid through the lenders' escrow departments. (*Id.* ¶¶ 7 and 11.) Tharpe, as Plaintiffs' agent, was to bill LoanCare and/or Wells Fargo for premiums for the mortgaged properties. (*Id.* at ¶8.) The premiums were to be paid out of Plaintiffs' LoanCare and/or Wells Fargo escrow accounts. (*Id.*) Tharpe incorrectly billed the lenders for all of the properties and not just the three properties that were subject to Wells Fargo's mortgages. (*Id.*) Because of Tharpe's mishandling, "Wells Fargo and LoanCare charged plaintiffs' escrow account for thousands of dollars in premiums that were not owed, resulting in adjusted monthly notes that were double or triple the original payments as provided by the original loan disclosures and mortgage documents." (*Id.*)

Plaintiffs also allege that they informed Wells Fargo and LoanCare that the premiums due were incorrect and should be corrected. (*Id.* at ¶ 9.) Wells Fargo and/or LoanCare allegedly, "refused or neglected to respond to plaintiffs' requests to correct the mortgage loan escrow accounts and payments, to accept the correct payments, and to apply payments that plaintiffs remitted to the loan, *which were refused* by LoanCare." (*Id.*)

Based on the Defendants refusal to correct the errors that Plaintiffs pointed out, Plaintiffs stopped remitting checks (*Id.* at 10.) Wells Fargo and LoanCare placed the loans in default status. (*Id.*)

## APPLICABLE STANDARD

In *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014), the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S. Ct. at 346-47 (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court

must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

The Fifth Circuit further explained that all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted." *Id.* at 503.

## DISCUSSION

a. Count 1 – Breach of Contract

 1. Parties' Arguments

Wells Fargo argues that Plaintiffs' *Amended Complaint* fails to state a claim for breach of contract because it "fails to identify a single contractual provision that Wells Fargo allegedly breached." Wells Fargo likewise argues that Plaintiffs "have not listed a single payment Wells Fargo refused to accept or any specific fund that Wells Fargo misapplied." Plaintiffs respond that the *Amended Complaint*'s reference to the mortgage contract as a whole is sufficient to put Wells Fargo on notice of the breach of contract allegations. Plaintiffs argue that they are not required to list the payments they allege Wells Fargo refused and that the *Amended Complaint*'s allegations that

> Wells Fargo made payments out of [] plaintiffs' escrow account for the premiums that were not applicable to any of the three mortgage properties, that were thousands of dollars in excess of what was owed under the mortgage contracts and that the payments for the correct amounts were not applied but were refused by Wells Fargo, who also refused or neglected to have a proper escrow analysis performed and correct the errors.

(Doc. 46 at 4.) Plaintiffs also list a number of transactions that they argue were misapplied. (*Id.* at 4-5.)

2. Analysis

Although the factual allegations in the *Amended Complaint* are sparse, the Court finds that the *Amended Complaint* contains sufficient facts to state a claim for breach of contract against Wells Fargo. Under Louisiana law, a plaintiff must prove three essential elements in order to prevail on a claim for breach of contract: (1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform the obligation; and (3) that the failure to perform this obligation resulted in damages to the plaintiff. *Cent. Facilities Operating Co., LLC v. Cinemark USA, Inc.,* 36 F.Supp.3d 700, 712 (M.D.La.2014); *Favrot v. Favrot,* 2010–0986 (La.App. 4 Cir. 02/09/11); 68 So.3d 1099, 1108–09.

The first element is whether Wells Fargo undertook an obligation to perform. Both parties agree that Wells Fargo held mortgages on three of Plaintiffs. (Doc. 41-1 at 4-5, Doc. 46 at 3-4 .) Further, the *Amended Complaint* specifically alleges that Wells Fargo owed Plaintiffs the contractual obligations: "to accept the agreed payments from plaintiffs, to correctly apply them to the loan obligations, including the requisite escrow account, and to manage and apply all funds in accordance with the loan contract terms and provisions." (Doc. 32 at ¶ 14.) These allegations are sufficient to put Wells Fargo on notice of the provisions of the mortgages that are the basis of Plaintiffs' breach of contract claim.

As to the second element, whether Wells Fargo failed to perform its obligation. The *Amended Complaint* alleges that Wells Fargo failed to perform its obligation by charging the Plaintiff's escrow account for thousands of dollars in premiums that were not owed, refusing to respond to Plaintiffs' requests to correct the escrow accounts, and refusing to accept and apply payments on the loans. (Doc. 32 at ¶¶ 8-9.) Plaintiffs do not specifically set out how these

actions breach a specific term in the mortgage, but taking the facts alleged in the *Amended Complaint* as true and all reasonable inferences in favor of Plaintiffs, the allegations are sufficient to state a claim that Wells Fargo breached its contractual obligation.

As to the third element, whether Plaintiffs were damaged by Wells Fargo's breach. The *Amended Complaint* alleges that Plaintiffs were charged for "thousands of dollars in premiums that were not owed" along with other damages. (Doc. 32 at ¶ 15.) These allegations are sufficient to state a claim.

Because the *Amended Complaint* sets forth sufficient facts as to each element to state a claim for breach of contract, the Court will not dismiss Count 1.

b. *Count 2 – Negligence*

Wells Fargo argues that the *Amended Complaint* fails to state a claim for negligence because it does not allege any facts to establish that Wells Fargo owed Plaintiffs a duty of care and how that duty of care was breached. Plaintiffs respond that the *Amended Complaint* states a claim on all state law grounds.

To state a viable claim for negligence in Louisiana, a plaintiff must allege: "(1) the existence of a duty to conform one's behavior to a specific standard; (2) the defendant failed to conform to that duty; (3) the conduct was a cause in fact of the plaintiff's injuries; (4) the conduct was a legal cause of the plaintiff's injuries; and that (5) actual damages resulted." *Barnes v. Bass*, 2006-80 (La. App. 3 Cir. 6/7/06), 933 So. 2d 241, 244 (citing *Lemann v. Essen Lane Daiquiris, Inc.,* 05–1095 (La.3/10/06), 923 So.2d 627). Plaintiffs have failed to allege sufficient facts to show that Wells Fargo specifically owed them a duty of care, nor have they alleged how Wells Fargo may have breached any duty it may have owed to them. Accordingly, any negligence claim against Wells Fargo fails to state a claim upon which relief can be granted.

c. *Count 3 – Breach of Fiduciary Duties*

Wells Fargo argues that the *Amended Complaint* fails to state a claim for breach of fiduciary duty because it does not allege a special relationship between the parties or that Wells Fargo enjoyed any advantage over Plaintiffs. Wells Fargo asserts that under Louisiana law, a mortgage agreement does not create a fiduciary relationship. (Doc. 41-1 at 7, (citing *LaBauve v. JPMorgan Chase Bank, N.A.*, 2018 WL 1125660, at *3 (M.D. La. Mar. 1, 2018)).) Therefore, to state a claim for breach of contract, Wells Fargo asserts that Plaintiffs must identify a written agreement between the parties that sets out that Wells Fargo will act in a fiduciary capacity for Plaintiffs. Plaintiffs respond that the *Amended Complaint* states a claim on all state law grounds and reiterate that the *Amended Complaint* is sufficient to put Wells Fargo on notice of the claims against it.

> Louisiana law provides:
>
> [n]o financial institution . . . shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties ... unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.

La. R.S. § 6:1124. Thus, "dealings between lending institutions and borrowers are generally considered to be arm's length transactions which do not impose any independent duty of care on the part of the lender." *Guimmo v. Albarado,* 99-286 (La. App. 5 Cir. 7/27/99), 739 So.2d 973, 975. The elements of a breach-of-fiduciary-duty claim are: "(1) a breach by a fiduciary of an obligation to another; (2) a knowing collusion or participation in the breach by the fiduciary; and (3) damages suffered by another as a result of the breach." *Brockman v. Salt Lake Farm P'ship*, 33, 938 (La. App. 2 Cir. 10/4/00), 768 So. 2d 836, 844. Further, the cause of action requires proof of fraud, breach of trust, or action outside the limits of the fiduciary's authority, and the burden of proof is on the plaintiff. *Id.*

Plaintiffs have not alleged facts sufficient to satisfy each of these elements. Further, as explained in *LaBauve v. JPMorgan Chase Bank, N.A.*, "Plaintiffs' mere assertion that their mortgage with the Defendant creates a fiduciary relationship is contrary to the Fifth Circuit's decision in *Whitfield*." No. CV 17-259-SDD-RLB, 2018 WL 1125660, at *3 (M.D. La. Mar. 1, 2018) (citing *Whitfield v. Countrywide Home Loans, Inc.*, 252 Fed. App'x 654, 656 (5th Cir. 2007)). "Plaintiff must specifically identify, not imply, a written agreement wherein [Wells Fargo] agreed 'to act and perform in the capacity of a fiduciary.'" *Id.* (citing La. R.S. § 6:1124). As was the case in *Fitch*, Plaintiffs here have not alleged the existence of any written agreement in which Wells Fargo "specifically agreed to act and perform in the capacity of a fiduciary, nor did they allege any special circumstances in which a fiduciary relationship is 'manifest.'" *Fitch*, 709 F. Supp. 2d at 517. Accordingly, Plaintiffs' claim for breach of fiduciary duty against Wells Fargo must be dismissed.

d. *Count 4 – Vicarious Liability from LoanCare, LLC*

1. Parties Arguments

Wells Fargo argues that Plaintiffs claim for vicarious liability fails because Plaintiffs "have not provided any facts alleging that Wells Fargo had control over LoanCare's business decisions or knowledge of LoanCare's actions relating to Plaintiffs' account." (Doc. 41 at 8.) Specifically, Wells Fargo points out that although Plaintiffs string cite Louisiana Civil Code articles relating to vicarious liability, they fail to allege any facts relating to those articles. (Doc. 41 at 9.) Last, Wells Fargo highlights that the *Amended Complaint* alleges that "Wells Fargo executed an assignment of its interest and entrusted its assignee/agent, Loancare," with the account. (Doc. 32 at ¶ 7.) Therefore, without any facts stating Wells Fargo's control over or knowledge of LoanCare's business judgment, Wells Fargo argues that the *Amended Complaint* fails to allege a claim for vicarious liability.

Plaintiffs respond that the *Amended Complaint* states a claim on all state law grounds. Plaintiffs detail that the *Amended Complaint*'s allegations stating LoanCare was the agent/assignee of Wells Fargo and therefore that Wells Fargo had a duty to monitor and supervise its work is sufficient to state a claim for vicarious liability.

2. Analysis

Vicarious liability under Louisiana law is codified in the Louisiana Civil Code. Specifically, Louisiana Civil Code article 2320 sets out, "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." Louisiana Civil Code article 2317 states, "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." La. Civ. Code art. 2317. The Louisiana Supreme Court explained the parameters of vicarious liability in *LeBrane v. Lewis* stating,

> In Louisiana, as elsewhere, an employer (master) is liable for a tort committed by his employee (servant) if, at the time, the servant is acting within the scope of his employment—acting, as our Civil Code Article 2320 phrases it, 'in the exercise of the functions in which . . . employed.' Article 2320; *Blanchard v. Ogima*, 253 La. 34, 215 So.2d 902 (1968); Comment, 33 La.L.Rev. 110 (1972).

*LeBrane v. Lewis*, 292 So. 2d 216, 217–18 (La. 1974); *see Weaver v. City of Shreveport*, 52,869 (La. App. 2 Cir. 8/14/19), 276 So. 3d 1091, 1095 ("A servant is one employed to perform services in the affairs of another and who is subject to the other's control or right of control with respect to the physical conduct in the performance of the services.").

In *Christiana Tr. v. Riddle*, the Fifth Circuit examined whether a plaintiff had stated a claim that a mortgage holder was vicariously liable for the acts of its loan servicer. 911 F.3d 799, 803 (5th Cir. 2018). The Fifth Circuit explained that to plead vicarious liability, it is necessary to

allege facts showing that there is an agency relationship between the mortgage holder and the loan servicer. The Fifth Circuit, interpreting federal common law,[1] explained:

> To determine whether an agency relationship exists, the Supreme Court looks to the Restatement of Agency, which requires both the principal's control over the agent and both parties' consent to the agent's acting on the principal's behalf. *Id.* at 286, 123 S.Ct. 824; *see also* Restatement (Third) of Agency § 1.01 cmt. f(1) (2006) ("An essential element of agency is the principal's right to control the agent's actions. ... The power to give interim instructions distinguishes principals in agency relationships from those who contract to receive services provided by persons who are not agents.").

*Christiana Tr. v. Riddle*, 911 F.3d 799, 803 (5th Cir. 2018). Without facts detailing the principal's control over the agent, the Fifth Circuit held that the complaint failed to state a claim that the mortgage holder was vicariously liable for the acts of its loan servicer.

In a similar manner, Plaintiffs in this case have failed to allege any facts in support of the conclusory allegation that LoanCare was Wells Fargo's agent. The *Amended Complaint* states,

> Although Wells Fargo delegated LoanCare with its contractual obligations, Wells Fargo is still vicariously liable for the acts of its agent and/or its own negligence in failing to monitor, supervise, instruct, train or otherwise ensure that its assigned agent would carry out its contractual obligations in a reasonable, lawful and prudent manner, which Wells Fargo failed to do. Had Wells Fargo acted prudently and monitored, supervised, trained or compelled its agent/assignee, LoanCare to comply with the law and contract obligations, it might have prevented the acts that caused [P]laintiffs' damage but failed to do so.

The *Amended Complaint* does not allege that Wells Fargo controlled or directed LoanCare's actions in servicing Plaintiffs' loans. (Doc. 32 at ¶ 14(A).) The conclusory statement that LoanCare is Wells Fargo's agent is not sufficient to state a claim that Wells Fargo controlled LoanCare and its servicing of Plaintiffs' loan. Plaintiffs' claim for vicarious liability will therefore be dismissed.

---

[1] As stated by the Louisiana Supreme Court in *LeBrane v. Lewis*, the theory of vicarious liability under Louisiana civil law is comparable with principles of common law. 292 So. 2d 216, 217–18 (La. 1974).

*e. Leave to Amend*

After identifying several deficiencies in the original complaint, this Court granted plaintiffs leave to amend the complaint, which resulted in the *Amended Complaint* that is now before the Court. Despite the opportunity to amend, plaintiffs have failed to allege particular facts to support their claims for negligence, breach of fiduciary duties, and vicarious liability, and have advanced conclusory statements or the same deficient arguments as before. The Court therefore concludes that plaintiffs have already pled their best case and granting additional leave to amend would be futile and cause needless delay.

## CONCLUSION

IT IS HEREBY ORDERED that Wells Fargo's *Motion* is denied in part, and granted in part as follows:

1. The *Motion* is DENIED as to the claim for breach of contract;
2. The *Motion* is GRANTED as to the claims for negligence, breach of fiduciary duties and vicarious liability. These claims against Wells Fargo are DISMISSED WITH PREJUDICE.

Signed in Baton Rouge, Louisiana, on November 5, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**