# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

ALVIN NEIL SATTERFEAL and
MARY BECNEL SATTERFEAL

VERSUS

LOANCARE, LLC, WELLS FARGO
HOME MORTGAGE, INC., and
THARPE FAMILY INS., LLC

CIVIL ACTION

NO. 18-01021-JWD-EWD

## RULING AND ORDER

This matter is before the Court on a *Motion for a More Definite Statement* ("*Motion*") filed by Tharpe Family Insurance, LLC ("Defendant" or "Tharpe"). (Doc. 34.) In response to the *Motion*, Alvin and Mary Satterfeal, ("Plaintiffs") filed a *Memorandum in Response to Rule 12(e) Motion for More Definite Statement* ("*Response*"). (Doc. 45.) Oral argument is not necessary. Having considered the arguments by the parties, the facts alleged in the complaint, and the law, the Court will deny the *Motion*.

## PROCEDURAL HISTORY

On November 16, 2018, defendant Wells Fargo removed the case to this Court with the consent of the parties. (Doc. 1.) On December 3, 2019, Tharpe filed its *Answer to Complaint* setting out as a defense that "The plaintiffs' alleged causes of action against this defendant are barred in whole or in part by applicable statute of limitations and/or the doctrine of laches." (Doc. 7.) On July 2, 2019 the Court granted Wells Fargo's *Motion to Dismiss* without prejudice and allowed the Plaintiffs leave to amend. (Doc. 31.) On July 22, 2019, Plaintiffs filed their *Amended Complaint* against all defendants. (Doc. 32.)

FACTS

For the purpose of ruling on the *Motion*, the Court accepts the following facts as true. Plaintiffs owned a number of residential properties, three of which are mortgaged to Wells Fargo and assigned to Loan Care, LLC for servicing. (Doc. 32 at ¶ 2.)

Tharpe Family Insurance, LLC was the retail insurance broker for the flood and casualty insurance coverages on each of Plaintiffs' properties through United National Insurance Company. (*Id.* at ¶ 3.) The insurance premiums for the three mortgaged properties were required to be paid through the lenders' escrow departments. (*Id.* ¶¶ 7 and 11.) Tharpe, as Plaintiffs' agent, was to bill LoanCare and/or Wells Fargo for premiums for the mortgaged properties. (*Id.* at ¶8.) The premiums were to be paid out of Plaintiffs' LoanCare and/or Wells Fargo escrow accounts. (*Id.*) Tharpe incorrectly billed the lenders for all of the properties and not just the three properties that were subject to Wells Fargo's mortgages. (*Id.*) Because of Tharpe's mishandling, "Wells Fargo and LoanCare charged plaintiffs' escrow account for thousands of dollars in premiums that were not owed, resulting in adjusted monthly notes that were double or triple the original payments as provided by the original loan disclosures and mortgage documents." (*Id.*)

APPLICABLE STANDARD

Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Beanel v. Freeport–McCoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)"). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 512 (2002). A Rule 12(e) motion may be appropriate "if a pleading fails to specify the allegations in a manner that provides sufficient notice." *Id.* at 514.

When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8. *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006); *see* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *Adams v. Southland Trace*, 2012 WL 12986191, at *5 (M.D. La. Feb. 29, 2012). The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion. *Id.* Finally, a Rule 12(e) motion is not a substitute for the discovery process. *Ford v. Cain*, 2016 WL 447617, at *2 (M.D. La. Feb. 4, 2016).

## DISCUSSION

Tharpe argues that it cannot respond to the *Amended Complaint* because the *Amended Complaint* fails to identify any dates on which the defendant's alleged tortious conduct occurred. (Doc. 34-1 at 1.) Plaintiffs respond that the *Amended Complaint* complies with Rule 8(a) and that a more definite statement is not necessary because Tharpe responded to the original complaint with an affirmative defense of prescription. (Doc. 45 at 2.) Plaintiffs also contend that Tharpe waived the issue of a more definite statement when it responded to the original complaint. (*Id.*) In the alternative, Plaintiffs respond that if the Court requires a more definite statement, they will provide the dates of the alleged tortious conduct. (*Id.* at 3.)

First, the Court finds that Tharpe did not waive the ability to move for a more definite statement by responding to the original complaint. Wright & Miller, a leading treatise on issues of federal procedure explains that "If an original pleading has been amended, a party who responded to the initial pleading may move for a more definite statement of the amended

pleading before serving an amended response." § 1378 Motion for a More Definite Statement—Timeliness, Form of Motion, and Other Matters of Practice Under Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1378 (3d ed.).

As to whether a more definite statement is warranted when a defendant has previously filed an answer to the original complaint, there is case law supporting the proposition that a defendant's answer to an original complaint is evidence that the *Amended Complaint* is not so vague and ambiguous that a defendant cannot reasonably prepare an answer. *Smith Provision Co. v. Viskase Companies Inc.*, 218 F.R.D. 169, 170 (N.D. Ill. 2003) ("It is disingenuous for [defendant] to claim that it cannot reasonably be required to respond to the *Amended Complaint* in the absence of information that it also lacked at the time it filed its previous answer."); *Williams v. McCollister*, No. CIV.A. L-08-131, 2009 WL 4250023, at *4 (S.D. Tex. Oct. 6, 2009) ("The fact that Defendants were able to answer Plaintiff's complaint indicates that it was not so vague and ambiguous that Defendants could not reasonably prepare a response.").

In this case, the original complaint did not set out the dates that the alleged tortious conduct occurred. The *Amended Complaint* likewise fails to provide the dates that the alleged tortious conduct occurred. Therefore, the same information that was absent from the original complaint is likewise absent from the *Amended Complaint*. The Court recognizes that an affirmative defense of prescription or peremption depends on the dates of the alleged tortious conduct. However, because Tharpe was able to respond to the original complaint and state affirmative defenses to those allegations, the Court agrees that "[i]t is disingenuous for [defendant] to claim that it cannot reasonably be required to respond to the *Amended Complaint* in the absence of information that it also lacked at the time it filed its previous answer." *Smith*

*Provision Co. v. Viskase Companies Inc.*, 218 F.R.D. at 170. Therefore, the Court will deny the *Motion.*

CONCLUSION

IT IS HEREBY ORDERED that the *Motion* is DENIED.

Signed in Baton Rouge, Louisiana, on November 5, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**