# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALVIN NEIL SATTERFEAL, et al.**                                **CIVIL ACTION**

**VERSUS**                                                                     **NO. 18-1021-JWD-SDJ**

**LOANCARE, LLC, et al.**

---

## ORDER

Before the Court is the Renewed Motion to Compel Discovery Responses and Motion for Expenses Under Rule 37 ("Motion") (R. Doc. 68), filed on August 3, 2020, by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). No opposition to this motion was filed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2020, Wells Fargo filed its initial Motion to Compel Discovery Responses against Plaintiffs (R. Doc. 62). A teleconference was held before this Court on July 13, 2020, at which time Plaintiffs' counsel represented that she would submit discovery responses to Wells Fargo.[1] Based on counsels' representations that the discovery dispute would be resolved in the near future, the Court deferred ruling on Wells Fargo's pending Motion to Compel to give the parties time to resolve their differences.[2] Plaintiffs, however, again failed to submit responses to Wells Fargo's discovery request, and as such, Wells Fargo filed a Renewed Motion to Compel (R. Doc. 68) on August 3, 2020, seeking responses to its discovery requests as well as expenses related to its discovery motions pursuant to Rule 37 of the Federal Rules of Civil Procedure.[3]

---

[1] R. Doc. 67.
[2] *Id.*
[3] R. Doc. 68 at 2.

On August 7, 2020, this Court granted Wells Fargo's initial Motion to Compel Discovery Responses,[4] ordering Plaintiffs to submit substantive responses to Wells Fargo's discovery requests by August 19, 2020.[5] In addition, the Court ordered Wells Fargo to file a Supplemental Memorandum in Support of its Renewed Motion to Compel Discovery Responses and Motion for Expenses Under Rule 37 ("Supplemental Memorandum"), "setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in compelling Plaintiffs' discovery responses."[6] Plaintiffs also were given an opportunity to file a response thereto.

On September 18, 2020, Wells Fargo filed its Supplemental Memorandum, averring that Wells Fargo incurred $739.80 in costs and attorney's fees associated with filing its Motion to Compel.[7] Plaintiffs then filed a Motion for Extension of Time to File Response, requesting a two-week extension to file a response to Wells Fargo's Supplemental Memorandum, which the Court granted, extending said deadline until October 14, 2020.[8] Subsequently, on October 23, 2020, Plaintiffs filed a Second Motion for Extension of Time to File Opposition/Reply Memorandum, seeking to extend their deadline to file to November 6, 2020.[9] The Court granted this motion as well.[10] However, this deadline has expired, and Plaintiffs have yet to file any such response to Wells Fargo's Supplemental Memorandum. As such, the Court will consider Wells Fargo's request unopposed.

## II.    LAW AND ANALYSIS

According to Rule 37(a)(5)(A):

If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to

---

[4] R. Doc. 62.
[5] R. Doc. 69.
[6] *Id.* at 3.
[7] R. Doc. 77-1 at 2-3.
[8] R. Docs. 78 and 79.
[9] R. Doc. 80.
[10] R. Doc. 81.

> be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

(Emphasis added). Thus, "Rule 37(a)(5)(A) provides that the payment of expenses by the non-moving party is required if the motion to compel is granted or if the discovery is provided after the filing of the motion." *Sabree v. Whelan Sec. Co.*, No. 17-1100, 2019 WL 511837, at *2 n.1 (M.D. La. Feb. 8, 2019).

Here, given the Court's prior grant of Wells Fargo's Motion to Compel,[11] the Court finds that Wells Fargo is entitled to an award of costs and fees associated with compelling Plaintiffs to provide their discovery responses. The Court also finds that the procedural history of the case indicates that good faith attempts were made by Wells Fargo to obtain the Plaintiffs' discovery responses,[12] that Plaintiffs' actions were not substantially justified, particularly in light of their representations during the July 13, 2020 teleconference, and that there are no circumstances here that would make this award unjust, especially given Plaintiffs' failure to file a response to Wells Fargo's Supplemental Memorandum, despite being granted an additional two weeks in which to do so.

---

[11] R. Doc. 69.

[12] According to Wells Fargo in its initial Motion to Compel, it served Interrogatories and Requests for Production on the Plaintiffs on December 12, 2019. R. Doc. 62-1 at 1 ¶ 1. Following the expiration of Plaintiffs' statutory deadline to respond to said discovery requests, Plaintiffs' counsel represented on January 28, 2020, that she was finalizing discovery responses. *Id.* at 1-2 ¶¶ 2-4. Settlement discussions between the Parties then ensued. *Id.* at 2 ¶ 5. On April 16, 2020, Wells Fargo again reached out to Plaintiffs' counsel about the status of Plaintiffs' discovery responses, and while Plaintiffs' counsel again represented that she would send said responses, she did not. *Id.* at 2 ¶¶ 5-6. This same thing occurred again in early May 2020. *Id.* at 2 ¶¶ 6-7.

In the declaration by Wells Fargo's counsel, setting forth the expenses incurred in compelling Plaintiffs' discovery responses, he includes amounts associated with filing Wells Fargo's Supplemental Memorandum. The language of Rule 37 limits the amounts recoverable to those "incurred in making the motion [to compel], including attorney's fees." Because Wells Fargo's Supplemental Memorandum is not part of either of Wells Fargo's Motions to Compel and because Wells Fargo could have included this information in its request for expenses, the Court finds that this amount, represented as $293.40,[13] should not be included in the amount awarded to Wells Fargo. As such, the Court finds that Wells Fargo is entitled to an award of $446.40.

In addition, Rule 37 allows such an award to be assessed against "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both." Fed. R. Civ. P. 37(a)(5)(A). Based on the information provided in the Record to date, the Court finds both Plaintiffs and Plaintiffs' counsel culpable for the delay. As such, this amount is assessed against them both, to be split equally, with each owing $223.20.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Wells Fargo's Renewed Motion to Compel Discovery Responses and Motion for Expenses Under Rule 37 (R. Doc. 68) is **GRANTED IN PART**. Both Plaintiffs, collectively, and Plaintiff's counsel are each ordered to pay Wells Fargo $223.20 in reasonable costs and fees **within 45 days of this Order**.

Signed in Baton Rouge, Louisiana, on January 5, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 77-1 at 3.