UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIN NEIL SATTERFEAL, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1021-JWD-SDJ** |
| **LOANCARE, LLC, et al.** | |

## ORDER

Before the Court is the Motion to Compel Plaintiffs' Expert Deposition and/or to Extend Deadlines (R. Doc. 83), filed on December 23, 2020, by Defendant Tharpe Family Insurance, LLC ("Tharpe"). Plaintiffs have not filed an opposition to this motion, and the deadline to timely do so has expired.

According to Tharpe, after four requests to Plaintiffs' counsel for possible dates on which to schedule the deposition of Plaintiffs' expert, Wanda Bankston, Ms. Bankston's deposition was eventually scheduled for December 16, 2020.[1] Plaintiffs' counsel also "advised that this expert witness would only be available for one hour on this date."[2] However, on December 15, 2020, the day before the deposition was to take place, Ms. Bankston canceled her deposition.[3] Ms. Bankston still has not been produced for her deposition,[4] and to the Court's knowledge, no potential dates for rescheduling same have been provided by Plaintiffs.[5] The deadline for completing expert discovery was December 30, 2020.[6]

---

[1] R. Doc. 83 at 1; R. Doc. 84 at 1-4.
[2] R. Doc. 83 at 1.
[3] R. Doc. 83-1 at 1; R. Doc. 84-1.
[4] R. Doc. 83 at 1.
[5] R. Doc. 84-2.
[6] R. Doc. 60 at 2.

In its Motion to Compel, Tharpe seeks to have this Court compel Ms. Bankston's deposition and to order that the deposition not be limited to one hour.[7] Tharpe further seeks to have the expert discovery deadline be "suspended," pending the deposition of Ms. Bankston.[8] Given Plaintiffs' refusal to produce their expert for deposition, with no reason provided for such refusal, this Court hereby compels the deposition of Wanda Bankston. *See* Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial."). Further, that deposition may not arbitrarily be limited to one hour; rather, it will last an amount of time agreed upon by the Parties that is both reasonable and sufficient for Tharpe to obtain the information it needs.

In its Motion to Compel, Tharpe also seeks attorney's fees incurred in filing this Motion.[9] According to Rule 37(a)(5)(A):

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

At this point, in the absence of any response from Plaintiffs to Tharpe's Motion, it does not appear to the Court that any of the statutory exceptions are applicable here. If that remains the case, the Court will be mandated to award attorney's fees to Tharpe. Tharpe, however, has provided no

---

[7] R. Doc. 83 at 1.
[8] *Id.* at 2.
[9] *Id.*

information regarding the amount of attorney's fees it has incurred, and Rule 37 requires that the party whose conduct necessitated the motion be given "an opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). While the period in which to file an opposition ostensibly was that opportunity, the Court will allow Plaintiffs another such opportunity. As such, a briefing schedule regarding this issue is set forth below.

For the foregoing reasons,

**IT IS ORDERED** that Defendant Tharpe's Motion to Compel Plaintiff's Expert Deposition and/or to Extend Deadlines (R. Doc. 83) is **GRANTED IN PART**. Plaintiffs are hereby **ordered** to produce their expert, Wanda Bankston, to be deposed. Within **7 days** of the date of this Order, Plaintiff will provide Tharpe with a list of possible dates on which to conduct Ms. Bankston's deposition, which dates all will be **on or before February 12, 2021**. Further, the Parties will agree to the length of time of said deposition, which time shall not be limited to one hour by Plaintiffs.

**IT IS FURTHER ORDERED** that Tharpe shall, **within 14 days** of the date of this Order, file a Supplemental Memorandum in Support of its Motion to Compel, setting forth the reasonable amount of attorney's fees (including evidentiary support) incurred in compelling the deposition of Plaintiffs' expert. Plaintiffs shall, **within 7 days** of the filing of Tharpe's Supplemental Memorandum, file a response to same, if Plaintiffs so choose. The Court will defer ruling on Tharpe's request for attorney's fees until the expiration of these deadlines. Further, the Parties are cautioned that the Court will strictly adhere to these deadlines. Any requests for extension, which are not encouraged, must demonstrate good cause and be filed prior to the expiration of the relevant deadline.

**IT IS FURTHER ORDERED** that the Scheduling Order (R. Doc. 60) is modified as follows: The deadline to file dispositive motions and Daubert motions is now **February 26, 2021**.

Signed in Baton Rouge, Louisiana, on January 25, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**